IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANSON FREEMAN SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-1064-N-BN |
| | § | |
| BANK OF AMERICA, N.A., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Anson Freeman Smith filed an Original Petition in state court, which

Defendants Bank of America, N.A., Mortgage Electronic Registration Systems, Inc.,

Bank of New York Mellon, and Recontrust Company, N.A. removed to this Court on

March 12, 2013. *See* Dkt. Nos. 1 & 1-1. Defendants have filed a motion to dismiss all

claims asserted by Plaintiff. *See* Dkt. No. 7. Plaintiff has not responded to the motion

and, when contacted by Defendants' counsel in compliance with the Court's order

requiring a Fed. R. Civ. P. 26(f) conference, informed Defendants' counsel that "the

case he filed against Defendants was over because he had already moved to a different

residence" and that it "was his intention not to prosecute this matter further." Dkt. No.

14 at 1, 2. For the reasons stated herein, the complaint should be dismissed without

prejudice pursuant to Fed. R. Civ. P. 41(b).

**Background**

On February 19, 2013, Plaintiff filed an Original Petition against Defendants

in state court. *See* Dkt. No. 1-1. Defendants removed the case to this Court on March 12, 2013, *see* Dkt. No. 1, and then filed a motion to dismiss Plaintiff's claims, *see* Dkt. No. 7.

Initially, the Court's orders and notices that were mailed to Plaintiff were returned as undeliverable. *See* Dkt. Nos. 6, 9, and 10. However, as the Court explained in an April 10, 2013 Order, the Court was "informed that the address that the Court had on the docket for Plaintiff was incorrect and that, based on the clerk's inquiry, Plaintiff has provided a corrected mailing address." Dkt. No. 11 at 1. The Court then directed that, "[i]f Defendants' service of their Notice of Removal and Certificate of Interested Persons [Dkt. Nos. 1 & 2] to Plaintiff's previously reported mailing address was unsuccessful, Defendants are directed to re-serve those documents on Plaintiff at his corrected mailing address," *id.* at 2, and the Court entered an amended order setting deadlines for Plaintiff to respond to Defendants' motion to dismiss, which was also mailed to Plaintiff's corrected address, *see id.* at 1-2. Plaintiff has not thereafter responded to Defendants' Motion to Dismiss – even after Defendants filed a notice of no response on May 14, 2013. *See* Dkt. No. 12.

On June 26, 2013, the Court issued an order requiring the parties to confer and submit a joint status report and proposed scheduling plan. *See* Dkt. No. 13. The Court ordered Defendants' counsel to initiate the conference and further directed that, "[i]f Defendants' counsel is unable to contact Plaintiff, Defendants shall file a status report so advising the Court no later than **July 10, 2013**." *Id.* at 1. In response to this order, Defendants filed a status report on July 9, 2013 that explained as follows:

2.     On July 8, 2013, the undersigned counsel for Defendants initiated a telephone call to Plaintiff and the parties discussed the status of this case per the Court's Order. During the telephone conversation the undersigned identified himself as counsel for Defendants in this case, to which Plaintiff responded that he did not have a case against Defendants and that the case he filed against Defendants was over because he had already moved to a different residence. Plaintiff would not provide his new address.

3.     The undersigned counsel for Defendants informed Plaintiff that this case was still pending since no dismissal had been filed, to which Plaintiff responded that there was nothing for the parties to talk about since he had moved residences and the case was over. Counsel for Defendants also informed Plaintiff that the Court had ordered the telephone conference, however Plaintiff did not feel there was anything to discuss regarding the case.

4.     Finally, Plaintiff advised counsel for Defendants that is was his intention not to prosecute this matter further.

Dkt. No. 14 at 1-2.

The undersigned now determines that this case should be dismissed without prejudice pursuant to Rule 41(b).

## Legal standards

A district court has authority to dismiss a case for want of prosecution or for

failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157
F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power
to control its docket and prevent undue delays in the disposition of pending cases."
*Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may
be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).
A dismissal with prejudice is appropriate only if the failure to comply with the court
order was the result of purposeful delay or contumacious conduct and the imposition
of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*,
975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Plaintiff's conduct and lack of action in prosecuting his case – and his recent
statements to Defendants' counsel – justify dismissing his case for failure to prosecute
and to comply with the Court's orders pursuant to Rule 41(b). Plaintiff has taken no
action and made no filings in this Court since the case's removal. The Court was
required, through its staff, to contact Plaintiff to determine his correct mailing address.
After receiving copies of the orders and filings in the case, Plaintiff failed to comply
with an order requiring a response to Defendants' motion to dismiss. More recently, he
has refused to comply with the Court's order requiring that he confer with Defendants'
counsel regarding discovery and a proposed scheduling order for the litigation of his
claims against Defendants. Instead, Defendants' counsel reports that Plaintiff made
plain his lack of desire or intention to prosecute this case.

In short, Plaintiff has "demonstrate[d] a manifest lack of interest in litigating

his claims." *Godley v. Tom Green Cnty. Jail*, No. 6:11-cv-24-C-BL, 2011 WL 7461630, at *1 (N.D. Tex. Nov. 7, 2011), *rec. adopted*, 2012 WL 724650 (N.D. Tex. Mar. 6, 2012). A Rule 41(b) dismissal of Plaintiff's case – which Plaintiff apparently believes to already be "over," Dkt. No. 14 at 2 – is warranted under these circumstances.

### Recommendation

The Court should dismiss Plaintiff's case without prejudice pursuant to Fed. R. Civ. P. 41(b). Upon dismissal of the case, Defendants' Motion to Dismiss [Dkt. No. 7] should be terminated.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 10, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE